STATE OF NORTH CAROLINA v. WINFRED (BO) THOMPSON AND
LAWRENCE TUCKER

No. 8219SC307

(Filed 16 November 1982)

1. **Burglary and Unlawful Breakings § 5.8— accomplices of victim's daughter—consent to entry—jury question**

    In a prosecution of defendants for breaking and entering and larceny as accomplices of the adult daughter of the victims, testimony by the victims that their daughter was welcome to come home at any time did not establish that the daughter entered the victims' residence with their consent where further testimony by the victims that the outside key had been removed to prevent the daughter from breaking in again and that the daughter was not welcome when the key was removed would permit the jury to find that the victims did not consent to their daughter's entry in their absence without an express grant of permission. G.S. 14-54(a).

2. **Criminal Law §§ 119, 163— jury instruction conference—opportunity to object out of presence of jury**

    The jury instruction conference required by Rule 21 of the General Rules of Practice for the Superior and District Courts need not be on the record, and defense counsel in this case was not denied an opportunity to object to the instructions out of the presence of the jury.

3. **Criminal Law § 163— necessity for objections to jury instructions**

    Appellate Rule 10(b)(2) barred appellate review of jury instructions to which no objection was made before the jury retired where the alleged errors did not relate to matters affecting fundamental or substantial rights. Whether the rule bars appellate review of "plain error" in jury instructions where an appellant fails to make timely objection is not decided.

APPEAL by defendants from *Cornelius, Judge.* Judgments entered 16 December 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 14 October 1982.

Defendants appeal from judgments of imprisonment entered upon convictions of felonious breaking or entering and felonious larceny.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Morgan, Post, Herring & Morgan, by David K. Rosenblutt, for defendant appellant Thompson.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm Hunter, for defendant appellant Tucker.*

WHICHARD, Judge.

Defendants were convicted of breaking or entering and larceny as accomplices of the adult daughter of the victims. The daughter testified for the State as follows:

She had lived with her parents until one week before the alleged crimes when she had moved in with a man she formerly had dated. Within a few days after moving out, she had returned to her parents' home in their absence, had entered by use of a key left hanging outside, and had obtained some clothes. The next day she had returned while her mother was at home, had stayed overnight, and without her parents' knowledge had then returned to the man's home, leaving her clothes behind.

On 8 June 1981 she had returned to her parents' home with the intention of taking her father's shotgun, some of her mother's jewelry, and some money. Defendant Thompson drove her and defendant Tucker to her parents' home. Because she could not find the outside key used earlier in the week, defendant Tucker gave her a screwdriver which she used to cut a window screen. He then boosted her through the window. She later handed items of her parents' property through the window to defendant Tucker, and they returned to the vehicle where defendant Thompson was waiting for them.

Her father testified that he had never "extended the understanding to her that any time she wanted to come back and come in the house . . . she could." When asked if "[s]he could come in the house anytime she wanted to," he replied that "[s]he generally called and asked to come back." He could recall no occasion when she did not ask for permission before returning home. However, "[i]t was just understood that she could come home when she wanted to."

Her mother testified that she had put the outside key away after her daughter used it to enter earlier in the week, because she "thought [the daughter] might break in again." She "hid the key so [the daughter] wouldn't come in again." Although the mother agreed that her daughter was "welcome to come home" anytime she wanted to, she stated that on past occasions when her daughter returned home she did not break in; and when she "took the key up, [the daughter] wasn't welcome."

[1] Defendants first contend the evidence was insufficient to support the convictions of felonious breaking or entering, since it failed to establish that their accomplice, the victims' daughter, entered without the consent of her parents. They rely on the victims' testimony that their daughter was welcome to come home whenever she wished, arguing that this established implied consent to enter.

G.S. 14-54(a) prohibits "[a]ny person [from] break[ing] or enter[ing] any building with intent to commit . . . larceny therein." While the statute does not make absence of consent an element of the offense, "an entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction for felonious entry under G.S. 14-54(a)." *State v. Boone*, 297 N.C. 652, 659, 256 S.E. 2d 683, 687 (1979).

In reviewing the sufficiency of the evidence, however, all evidence must be considered

> in the light most favorable to the State, and the State is entitled to . . . every reasonable inference to be drawn therefrom . . . . Contradictions and discrepancies are for the jury to resolve . . . . All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the Court . . . . If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made . . . .

*State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581-82 (1975). Judged by this standard, the victims' testimony that their daughter was welcome to come home at any time merely created "contradictions and discrepancies . . . for the jury to resolve." *Id.* The further testimony that the outside key had been removed to prevent the daughter from breaking in again, and that the daughter was not welcome when the key was removed, considered in the light most favorable to the State, clearly indicated the victims' lack of consent to their daughter's entry in their absence without an express grant of permission. This contention thus is without merit.

Defendants next contend the evidence was insufficient to support the convictions of felonious larceny. "To establish the offense of larceny . . . the State must show that defendant[s] took and carried away the goods of another with the intent to deprive the owner thereof permanently." *State v. Perry*, 52 N.C. App. 48, 56, 278 S.E. 2d 273, 279 (1981), *modified and affirmed*, 305 N.C. 225, 287 S.E. 2d 810 (1982). Larceny is a felony if, *inter alia*, the taking was pursuant to a breaking or entering in violation of G.S. 14-54. G.S. 14-72(b)(2).

There was more than ample evidence to permit a finding that defendants took and carried away personal property of the victims with intent to deprive them thereof permanently. Because we have held the evidence sufficient to permit a finding of lack of consent to enter, and thus to support the convictions of breaking or entering, it also suffices to support convictions of larceny that was felonious in nature. This contention is thus without merit.

[2] Defendants next contend the court erred in failing to conduct an on-the-record jury instruction conference and to offer their counsel opportunity to object to the instructions out of the hearing of the jury. They rely on Rule 21, General Rules of Practice for the Superior and District Courts, which provides, in pertinent part:

> *Jury Instruction Conference.* At the close of the evidence (or at such earlier time as the judge may reasonably direct) in every jury trial, civil and criminal, in the superior and district courts, the trial judge shall conduct a conference on instructions with the attorneys of record (or party, if not represented by counsel). Such conference shall be out of the presence of the jury, and shall be held for the purpose of discussing the proposed instructions to be given to the jury. An opportunity must be given to the attorneys (or party if not represented by counsel) to request any additional instructions or to object to any of those instructions proposed by the judge. Such requests, objections and the rulings of the court thereon shall be placed in the record. If special instructions are desired, they should be submitted in writing to the trial judge at or before the jury instruction conference.
>
> At the conclusion of the charge and before the jury begins its deliberations, and out of the hearing, or upon re-

quest, out of the presence of the jury, counsel shall be given the opportunity to object on the record to any portion of the charge, or omission therefrom, stating distinctly that to which he objects and the grounds of his objection.

The rule does not require that the conference be on the record. Defendants cite no authority so requiring, and our research discloses none. Defendants concede that the required conference occurred. They do not claim that any "requests, objections [or] . . . rulings of the court" during the conference should have been placed in the record, but in fact were not.

At the conclusion of the charge the court asked, in the hearing of the jury, whether counsel for defendants had "any additional instructions or requests." Counsel for both defendants replied in the negative. They did not ask to approach the bench. The rule provides that counsel shall have an opportunity to object, either out of the hearing of the jury or, upon request, out of the presence of the jury. The record does not suggest that counsel was denied opportunity to approach the bench to present matters out of the hearing of the jury, or that they were denied opportunity to present matters out of the presence of the jury. The court complied in every respect with the requirements of Rule 21.

[3] Defendants assign error to several portions of the jury instructions. Trial commenced subsequent to the effective date of Rule 10(b)(2), Rules of Appellate Procedure, which makes objection, before the jury retires, to any portion of the charge or omission therefrom, prerequisite to assignment of error thereto. Defendants did not object to the instructions before the jury retired. The record reveals no denial, in violation of the rule, of opportunity to make objection out of the hearing or, upon request, out of the presence of the jury. The rule thus precludes appellate review of the instructions.

Defendants acknowledge that they failed to make timely objections. They argue nevertheless that the "failure to object does not bar appellate review when the instruction error is of sufficient importance," and that the errors here were "plain" and thus constitute an exception to the apparently uneqivocal bar of Rule 10(b)(2). They cite authority from other jurisdictions in which "plain error" constitutes an exception to the nonreviewability of

matters not objected to at trial. *See, e.g., State v. Evans,* 165 Conn. 61, 69-70, 327 A. 2d 576, 581 (1973); *State v. Jones,* 377 So. 2d 1163, 1164 (Fla. 1979); *Webb v. State,* 259 Ind. 101, 106-07, 284 N.E. 2d 812, 815 (1972); *State v. Griffin,* 129 S.C. 200, 202-03, 124 S.E. 81, 81-82 (1924).

Generally, a "plain error" is one which is "obvious, which affect[s] the substantial rights of the accused, and which, if uncorrected, would be an affront to the integrity and reputation of judicial proceedings." *Black's Law Dictionary* 1035 (5th ed. 1979). The authorities cited by defendant excuse the failure to object at trial where the error affects a "fundamental right" or is of constitutional dimensions. The errors assigned here did not relate to matters affecting fundamental or substantial rights. We need not consider whether Rule ·10(b)(2) bars appellate review of "plain error" in jury instructions where an appellant fails to make timely objections. The rule does bar review of the matters affecting less than fundamental or substantial rights to which error was assigned here.

Defendant Thompson asserts prejudicial error in certain evidentiary rulings. We have carefully examined the rulings complained of, and we find no merit in the contentions.

No error.

Judges HEDRICK and HILL concur.