State v. Owens

---

STATE OF NORTH CAROLINA v. ERIC WILLIAMS OWENS

No. 8226SC861

(Filed 15 March 1983)

**Criminal Law § 163— court's failure to summarize evidence—failure to object at trial—waiver of right to assign as error**

Defendant waived his right to assign error to the failure of the trial court to summarize the evidence by failing to object to this omission before the jury retired where defense counsel responded in the negative when asked if he had further requests for instructions, although this opportunity may have been given in the presence of the jury, and where the record does not suggest that counsel was denied the opportunity to present matters out of the presence of the jury. G.S. 1A-1, Rule 10(b)(2); Rule 21, General Rules of Practice for the Superior and District Courts.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 10 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 February 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of armed robbery.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Adam Stein, Appellate Defender, by Marc D. Towler, Assistant Appellate Defender, for defendant appellant.*

WHICHARD, Judge.

G.S. 15A-1232 provides, in pertinent part: "In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law [thereto]." Defendant argues that the court here failed to give any summary of the evidence and that "no summary of the evidence at all is insufficient to explain the application of the law [thereto]."

Defendant, however, did not object to this omission before the jury retired. He thus has waived his right to assign error thereto. Rule 10(b)(2), Rules of Appellate Procedure.

He argues, nevertheless, that "[b]ecause [he] was not provided sufficient opportunity to make such an objection at trial, . . . the waiver rule should not be applied . . . ." While the record establishes that defense counsel responded in the negative when asked if he had further requests for instructions, defendant argues that this opportunity to object "was apparently given while the jury was present," in violation of Rule 21, General Rules of Practice for the Superior and District Courts.

The record does not expressly state whether the jury was present or absent at the time. Because defendant had no objection to offer, however, presence or absence of the jury was immaterial.

> The record does not suggest that counsel was denied opportunity to approach the bench to present matters out of the hearing of the jury, or that [he was] denied opportunity to present matters out of the presence of the jury. The court [thus] complied in every respect with the requirements of Rule 21.

*State v. Thompson,* 59 N.C. App. 425, 429, 297 S.E. 2d 177, 180 (1982).

Defendant contends that failure to give any summary of the evidence "involves a substantial right . . . and should be considered under the 'plain error' doctrine," despite his failure to object at trial. Cases from other jurisdictions applying this doctrine "excuse the failure to object at trial where the error affects a 'fundamental right' or is of constitutional dimensions." *Id.* at ---, 297 S.E. 2d at 181. The error assigned here did not affect fundamental or substantial rights. The evidence clearly established that the victim was the subject of an armed robbery. The only significant question was whether defendant was the perpetrator. Even before advent of the Rule 10(b)(2) contemporaneous objection requirement, our Supreme Court held that where defense counsel responded negatively to a request for further instructions, and "[t]he evidence was simple and direct and without equivocation and complication," a charge which briefly applied the law to the evidence but failed to state the evidence sufficed to comply with the requirements of G.S. 1-180, the predecessor to G.S. 15A-1232. *State v. Best,* 265 N.C. 477, 480, 144 S.E. 2d 416, 418 (1965). The evidence here was sufficiently uncomplicated that failure to summarize it could not have affected defendant's fundamental or substantial rights. We thus need not consider whether Rule 10(b)(2) bars appellate review of "plain error" in jury instructions where an appellant fails to make timely objections. It does bar review of the matter affecting less than fundamental or substantial rights to which error was assigned here.

Defendant contends the court erred by allowing the State to cross-examine him as to inadmissible details regarding offenses for which he had previously been convicted. *See State v. Finch,* 293 N.C. 132, 141-42, 235 S.E. 2d 819, 824-25 (1977). Because he failed to object to this testimony at trial, he cannot assert these exceptions on appeal. Rule 10(b)(1), Rules of Appellate Procedure; *see State v. Bryant,* 56 N.C. App. 734, 736, 289 S.E. 2d 630, 631 (1982).

No error.

Judges HEDRICK and BRASWELL concur.