STATE OF NORTH CAROLINA v. JEFFERY LEVON EASON

No. 8311SC854

(Filed 3 April 1984)

1. **Criminal Law § 113.1— instructions—summary of evidence—no "plain error"**

In a prosecution for first degree burglary, a trial court's summary of the evidence did not constitute "plain error" where the court gave no summary of defendant's evidence and stated only portions of the State's evidence since the

evidence was sufficiently uncomplicated that failure to summarize it was unlikely to have "had a probable impact on the jury's finding of guilt." G.S. 15A-1232.

**2. Criminal Law § 138— aggravating factor that victim particularly vulnerable — supported by evidence**

In a prosecution for first degree burglary, the evidence supported an "additional" aggravating factor that the victim was particularly vulnerable because of the fact that she was 8-½ months pregnant and defendant was aware of her condition. G.S. 15A-1340.4(a).

Judge BECTON dissenting.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 4 February 1983 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 February 1984.

Defendant appeals from a judgment of imprisonment entered upon his conviction of first degree burglary.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

WHICHARD, Judge.

GUILT PHASE

[1]   G.S. 15A-1232 provides, in pertinent part: "In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law [thereto]." Defendant contends he is entitled to a new trial because the court here "gave no summary of [his] evidence and stated only so much of the State's evidence and contentions as was necessary to support a guilty verdict."

Defendant, however, did not object to this at trial. After the jury retired, but before it began deliberations, the court asked if defendant had any objections to the instructions or any requests for additional instructions. Defense counsel replied in the negative. Defendant thus has waived his right to assign error to the instructions. N.C. R. App. P. 10(b)(2).

Defendant argues, nevertheless, that the asserted defects in the instructions affect a substantial right, and should be considered under the "plain error" rule despite his failure to object. While our Supreme Court has approved the "plain error" rule, *see State v. Odom*, 307 N.C. 655, 660-61, 300 S.E. 2d 375, 378 (1983), it has noted that " '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *Id.* at 661, 300 S.E. 2d at 378 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L.Ed. 2d 203, 212, 97 S.Ct. 1730, 1736 (1977) ). It has instructed that "[i]n deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Id.* at 661, 300 S.E. 2d at 378-79.

A careful review of the entire record reveals no "plain error" mandating a new trial. The evidence clearly established that someone, without consent, broke into the victim's residence in the nighttime and got into bed with her. The only significant question was whether defendant was the offender.

The evidence which tended to identify defendant as the offender was circumstantial. There was testimony that defendant at times wore around his neck a blue towel with a cord attached. A blue towel with a cord attached was found in the victim's bed. There was evidence that blue fibers were found on the victim's window sill; that officers subsequently removed some blue socks from a bag of clothing which defendant identified as his; and that the fibers in defendant's socks were consistent with the fibers found on the victim's window sill. A hair found on the victim's bed was generally similar to defendant's hair, though insufficiently so to permit a firm conclusion that it was his. A witness, who stated that he knew defendant's voice, testified that sometime subsequent to the offense he stood behind a hedge "seven or eight or ten yards" away and overheard defendant describe his involvement in an incident which fit the victim's description of the incident here. The victim here was pregnant, and the woman the witness heard defendant describe was pregnant. The victim here was cut on the hand with a knife, and the witness heard defendant state that he cut the woman he described with a knife.

Defendant testified to an alibi defense. Other witnesses in his behalf corroborated his story.

We find this evidence sufficiently uncomplicated that failure to summarize it is unlikely to have "had a probable impact on the jury's finding of guilt," *Odom, supra,* or to have affected defendant's fundamental or substantial rights. *See State v. Best,* 265 N.C. 477, 480, 144 S.E. 2d 416, 418 (1965); *State v. Owens,* 61 N.C. App. 342, 344, 300 S.E. 2d 581, 582 (1983). Following the *Odom* standard, we thus hold that this is not "the rare case" in which application of the "plain error" rule is appropriate. This assignment of error is therefore overruled.

## SENTENCING PHASE

[2]  Defendant contends the court erred in finding the following as an "additional" aggravating factor: "The victim . . . was particularly vulnerable because . . . she was in an advance[d] stage of pregnancy and the Defendant was specifically aware of this vulunerability [sic] and made a calculative decision to proceed with the commission of this offense." We find no error.

The victim testified during the guilt phase that she had told the offender that she "had a baby" and "was pregnant," and that the offender responded that he knew these things. The victim also testified that she was eight and one-half months pregnant at the time. There was no contrary evidence. A preponderance of the evidence thus supported the finding. G.S. 15A-1340.4(a).

While the court entered the finding as an "additional" rather than a "statutory" aggravating factor, the finding is clearly analogous to the statutory factor that "[t]he victim was very young, or very old, or mentally or *physically infirm.*" G.S. 15A-1340.4(a)(1)(j)(emphasis supplied). Our Supreme Court has stated that "*vulnerability* is clearly the concern addressed by this factor." *State v. Ahearn,* 307 N.C. 584, 603, 300 S.E. 2d 689, 701 (1983). This Court has stated that "the underlying policy of [this] . . . factor is to discourage wrongdoers from taking advantage of a victim because of the victim's young or old age or infirmity." *State v. Mitchell,* 62 N.C. App. 21, 29, 302 S.E. 2d 265, 270 (1983). It has held that *age* of the victim is not "reasonably related to the purposes of sentencing," as required by G.S. 15A-1340.4(a), unless culpability is enhanced by defendant's having taken advantage of

the victim's relative defenselessness occasioned by age. *See State v. Rivers,* 64 N.C. App. 554, 557-58, 307 S.E. 2d 588, 590 (1983); *State v. Monk,* 63 N.C. App. 512, 523, 305 S.E. 2d 755, 762 (1983); *Mitchell, supra,* 62 N.C. App. at 29, 302 S.E. 2d at 270; *State v. Gaynor,* 61 N.C. App. 128, 130-31, 300 S.E. 2d 260, 262 (1983).

We believe the victim's advanced stage of pregnancy could properly be viewed as an infirmity which, under the circumstances of the offense, enhanced her vulnerability and rendered her relatively defenseless. This condition generally would diminish the victim's capacity to resist the offender. It would augment the potential adverse consequences of the offense, in that not only the victim, but her unborn child as well, are vulnerable to the offender's intrusion. The trauma to the victim is enhanced by concern for her unborn child added to normal concern for herself. The impact of the crime on the victim is relevant to the question of sentencing and is properly considered under G.S. 15A-1340.4(a)(1). *State v. Blackwelder,* 309 N.C. 410, 413 n. 1, 306 S.E. 2d 783, 786 n. 1 (1983).

We further believe the evidence that defendant proceeded despite knowledge of the victim's condition could properly be viewed as demonstrating a greater degree of depravity than would commission of such an offense absent this condition. His knowledge of the condition thus could properly be viewed as a factor which increased his culpability. G.S. 15A-1340.3.

For the foregoing reasons, we hold that the aggravating factor in question was "reasonably related to the purposes of sentencing," G.S. 15A-1340.4(a), and that the court did not err in finding it.

Defendant contends the court erred in finding as an aggravating factor that he had been convicted of prior offenses. He does not dispute existence of the convictions, which the State established by introduction of certified copies of judgments. He argues, however, that the State did not sustain its burden of proving that at the time he either was not indigent, was represented by counsel, or had waived counsel.

Our Supreme Court has now established that defendant has the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction. *State v. Thompson,*

309 N.C. 421, 307 S.E. 2d 156 (1983). Defendant did not raise the issue in the trial court, and he thus cannot now do so here.

No error.

Judge ARNOLD concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that the trial court's failure to summarize defendant's evidence affected defendant's substantial rights under *State v. Best*, 265 N.C. 477, 144 S.E. 2d 416 (1965), and was plain error under *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), I dissent.

Only when the evidence is simple and direct and without equivocation and complication is the failure to summarize any evidence harmless error. *State v. Best.* In my view, the evidence presented at defendant's trial was far from unequivocal. The State relied almost entirely on circumstantial evidence, the implications of which were often ambiguous.

The prosecuting witness awoke to discover an intruder astraddle her as she lay on her side in the bed in her dark bedroom. When the intruder threatened her with a knife, she grabbed the blade of the knife, pushed it away, and screamed. The intruder yanked back the knife, cutting her hand, and fled through an open window. Although the prosecuting witness at trial described the intruder as dark and muscular with short hair, wearing something white on the upper part of his body, the prosecuting witness admitted on cross-examination that she had made two prior statements to the police in which she stated that the only thing she had observed about the intruder was that he appeared to be wearing a short-sleeved white shirt. She also admitted that she had previously failed to identify the defendant as the person who had been in her room that night. The only other direct evidence offered by the State on the issue of identity came from Ed Towler, who testified that he overheard defendant admitting involvement in a crime very similar to the one at issue in this case. Towler then testified that he immediately entered his

house and spoke with his daughter, who was living with him at that time. Significantly, Towler's daughter testified that she had not, as her father testified, been living with him on the night in question. Although evidence relating to four items of physical evidence (hair, fingerprints, knife, and fiber) was presented, S.B.I. agent Troy Hamlin could only testify that he received a "negroid hair fragment"; detective Larry Carter testified that the fingerprints did not match the defendant's, that no blood residue was found on the knife, and that the fiber from the window and from the socks were both light blue acrylic fibers that could have originated from the same source.

Given the defendant's alibi testimony, the testimony of several of his witnesses that they had never seen defendant with a towel like the one offered in evidence by the State, and the testimony of Ed Towler's daughter, among other things, I cannot say that the failure to summarize defendant's evidence had no probable impact on the jury's finding of guilt.