STATE OF NORTH CAROLINA v. LUBY ALVIN KILPATRICK

No. 337A95

(Filed 13 June 1996)

**1. Criminal Law § 107 (NCI4th)— first-degree murder—discovery—criminal records of State's witnesses—motion to compel disclosure denied—due process**

The trial court did not err in a first-degree murder prosecution by denying defendant's motion to compel the State to supply defendant with the criminal records of all the witnesses in the case against him. The record shows that the prosecutor informed

the trial court that the State had an "open-file" policy, that defendant's counsel had been given access to the file, and that defendant's counsel would have access to the file throughout the course of the case. Defendant has not met his burden of showing that the State suppressed any material evidence concerning the criminal history of witnesses and the court's refusal to compel the State to supply the criminal records of witnesses did not violate defendant's right to due process.

**Am Jur 2d, Depositions and Discovery §§ 75, 81.**

**Right of defendant to inspect report of presentence investigation of witness previously convicted of crime, under Rule 32(c) of Federal Rules of Criminal Procedure. 38 ALR Fed. 786.**

**Prosecutor's duty, under due process clause of Federal Constitution, to disclose evidence favorable to accused—Supreme Court cases. 87 L. Ed. 2d 802.**

2. **Criminal Law § 107 (NCI4th)— first-degree murder—discovery—criminal records of State's witnesses—motion to compel disclosure denied—Rules of Professional Conduct**

The refusal of the trial court in a first-degree murder prosecution to compel the State to supply defendant with the criminal records of witnesses did not violate Rule 7.3 of the North Carolina Rules of Professional Conduct, which requires the prosecutor to make timely disclosure of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense. Defendant has not shown that the prosecutor failed to make timely disclosure of material evidence with respect to the criminal history of any witness in this case.

**Am Jur 2d, Depositions and Discovery §§ 75, 81, 82, 361-366.**

**Right of defendant to inspect report of presentence investigation of witness previously convicted of crime, under Rule 32(c) of Federal Rules of Criminal Procedure. 38 ALR Fed. 786.**

**Prosecutor's duty, under due process clause of Federal Constitution, to disclose evidence favorable to accused—Supreme Court cases. 87 L. Ed. 2d 802.**

STATE v. KILPATRICK

[343 N.C. 466 (1996)]

### 3. Homicide § 135 (NCI4th)— first-degree murder—short form indictment—sufficient

The trial court did not err by failing to quash a first-degree murder indictment where defendant contends that the indictment failed to give him particular notice of each element of the charge of first-degree murder. The indictment complies with the short-form indictment authorized by N.C.G.S. § 15-144 and there is no compelling reason to depart from a prior holding that the short-form indictment is sufficient to charge first-degree murder on the basis of premeditation and deliberation.

**Am Jur 2d, Indictments and Informations §§ 70-81.**

**Power of court to make or permit amendment of indictment with respect to allegations as to name, status, or description of persons or organizations. 14 ALR3d 1358.**

**Sufficiency of indictment, information, or other form of criminal complaint, omitting or misstating middle name or initial of person named therein. 15 ALR3d 968.**

**Comment Note.—Power of court to make or permit amendment of indictment. 17 ALR3d 1181.**

### 4. Indigent Persons § 31 (NCI4th)— first-degree murder— jury selection expert—request for appointment denied

The trial court did not err in a first-degree murder prosecution by denying defendant's motion requesting funds for the appointment of a jury selection expert where defendant contended that jury selection in capital cases is extremely complicated but failed to present any specific evidence or make any argument showing why a jury selection expert was necessary or how such an expert would assist defendant's counsel in the preparation of this case.

**Am Jur 2d, Criminal Law §§ 984-987.**

### 5. Evidence and Other Witnesses § 786 (NCI4th)— first-degree murder—defendant's statements to psychologist before murder—excluded—other evidence of capacity to form intent admitted

There was no prejudicial error in a first-degree murder prosecution in the exclusion of statements defendant made to a psychologist during treatment prior to the killings where defendant did not make an offer of proof to show what the testimony would

STATE v. KILPATRICK

[343 N.C. 466 (1996)]

have been, the record shows that defendant's purpose was to present evidence bearing on his ability to form a specific intent to kill, and he was permitted to present substantial expert testimony describing his mental disorders and his capacity to form a specific intent to kill. Defendant failed to demonstrate that there is a reasonable possibility that a different result would have been reached had the statements not been excluded.

**Am Jur 2d, Evidence §§ 441, 556-558.**

**Qualification of nonmedical psychologist to testify as to mental condition or competency. 78 ALR2d 919.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from judgment imposing sentence of life imprisonment entered by Butterfield, J., at the 10 October 1994 Criminal Session of Superior Court, Lenoir County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court 11 March 1996.

*Michael F. Easley, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the State.*

*Fred W. Harrison for defendant-appellant.*

PARKER, Justice.

Defendant was tried capitally on indictments charging him with the first-degree murders of Angela Rhem Kilpatrick and Lenwood Rhem, Jr. The jury returned verdicts finding defendant guilty of first-degree murder on the basis of premeditation and deliberation in the killing of Angela Rhem Kilpatrick and guilty of second-degree murder in the killing of Lenwood Rhem, Jr. Following a capital sentencing proceeding, the jury recommended that defendant be sentenced to life imprisonment for the murder of Angela Rhem Kilpatrick. Upon this recommendation the trial court sentenced defendant to life imprisonment for the first-degree murder conviction and to a consecutive term of fifty years' imprisonment for the second-degree murder conviction. Defendant appeals his first-degree murder conviction. (Defendant gave notice of appeal in both cases to the Supreme Court; the record does not show any motion to bypass the Court of Appeals on the second-degree murder conviction; and defendant makes no argument specifically related to the second-degree murder conviction.) For the reasons discussed herein, we conclude that defendant's trial was free from prejudicial error and uphold his conviction and sentence for first-degree murder.

STATE v. KILPATRICK

[343 N.C. 466 (1996)]

On 4 July 1993 defendant shot and killed his wife, Angela Rhem Kilpatrick, and her brother, Lenwood Rhem, Jr. The State's evidence tended to show that defendant and his wife had a strained and violent relationship prior to the killings including threats to kill Ms. Kilpatrick, their baby, and himself.

Ms. Kilpatrick spent the evening before the killing at her parents' house because she was afraid of defendant. Defendant went to the house and threatened to burn it down if Ms. Kilpatrick spent the night there. Defendant also called Ms. Kilpatrick and threatened to kill her if she returned to their trailer.

On the day of the killings, Ms. Kilpatrick returned to the trailer with her brother and her daughter, Latisha Greene. Unbeknown to them, defendant was hiding under a bed in the back bedroom. Defendant remained in this hiding place for several hours while Ms. Kilpatrick, her brother, and Latisha were in the den talking and watching television. Defendant eventually left his hiding place, obtained a single-shot shotgun, and appeared in the doorway between the living room and the den.

Defendant fired an unprovoked, close-range shot which killed Mr. Rhem. Ignoring Ms. Kilpatrick's plea for mercy, defendant reloaded his shotgun and shot her as well. Defendant then kicked Mr. Rhem and started throwing various items at Ms. Kilpatrick. As she lay on the floor, Ms. Kilpatrick told her daughter to call the police. Latisha ran to a neighbor's house and asked them to call the authorities. She subsequently ran to her grandparents' house and told her grandfather that defendant had killed her uncle and that she believed defendant had also killed her mother.

After Latisha left the trailer to obtain help, defendant attacked his wife, hit her in the head with a brick, and knocked her off the front porch and into the front yard. Defendant then retrieved the shotgun, reloaded it, and shot Ms. Kilpatrick in the chest, killing her.

[1] Defendant first argues that the trial court erred in denying his motion to compel the State to supply defendant with the criminal records of all the witnesses in the case against him. Defendant asserts that the State must supply counsel with the criminal history of all witnesses in order to meet the State's obligation to ensure that a defendant being tried for his life receives an adequate defense. Defendant contends that the State is required to provide defendant with the criminal history of witnesses by Rule 7.3 of the North Carolina Rules

of Professional Conduct and the principles underlying the United States Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d. 215 (1963), *United States v. Agurs*, 427 U.S. 97, 49 L. Ed. 2d 342 (1976), and *United States v. Bagley*, 473 U.S. 667, 87 L. Ed. 2d 481 (1985). We disagree.

The statute governing disclosure of evidence by the State, N.C.G.S. § 15A-903 (1988), "does not grant the defendant the right to discover the names and addresses, let alone the criminal records, of the [S]tate's witnesses." *State v. Robinson*, 310 N.C. 530, 536, 313 S.E.2d 571, 575 (1984). Similarly, not having shown that any material evidence was actually suppressed by the State, *State v. Smith*, 337 N.C. 658, 664, 447 S.E.2d 376, 379 (1994), defendant cannot prevail under *Brady*, 373 U.S. 83, 10 L. Ed. 2d 215.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 10 L. Ed. 2d at 218. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682, 87 L. Ed. 2d at 494. The defendant has the burden of showing that undisclosed evidence was material and that the failure to disclose affected the outcome of the trial. *State v. Alston*, 307 N.C. 321, 337, 298 S.E.2d 631, 642 (1983).

To prevail under *Brady* a "defendant must first show that evidence favorable to the accused was actually suppressed and that the suppressed evidence was material either to guilt or punishment such that there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *Smith*, 337 N.C. at 664, 447 S.E.2d at 379. In the instant case defendant has not alleged, much less shown, that any witness had a significant criminal record or that the State suppressed impeaching information concerning any witness. The record shows that the prosecutor informed the trial court that the State had an "open-file" policy, that defendant's counsel had been given access to the file, and that defendant's counsel would continue to have access to the file throughout the course of the trial. Defendant has not met his burden of showing that the State suppressed any material evidence concerning the criminal history of witnesses. Accordingly, we conclude that the trial court's refusal to

compel the State to supply defendant with the criminal records of witnesses did not violate defendant's right to due process.

**[2]** Defendant also cites Rule 7.3 of the North Carolina Rules of Professional Conduct in support of this assignment of error. Rule 7.3 requires the prosecutor in a criminal case to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense." N.C. Rules of Professional Conduct Rule 7.3(4) (1996). Defendant has not shown that the prosecutor failed to make timely disclosure of material evidence with respect to the criminal history of any witness in this case. For this reason we cannot conclude that the prosecutor violated Rule 7.3. This assignment of error is overruled.

**[3]** By another assignment of error, defendant argues that the trial court erred in failing to quash the murder indictment. Defendant contends the indictment failed to give him particular notice of each element of the charge of first-degree murder in violation of the rights guaranteed defendant by the Sixth and Fourteenth Amendments to the United States Constitution. The bill of indictment returned against defendant included the following:

> The jurors for the State upon their oath present that on or about the 4th day of July, 1993 in Lenoir County, Luby Alvin Kilpatrick unlawfully, willfully and feloniously and of malice aforethought did kill and murder Angela Rhem Kilpatrick.

This indictment complies with the short-form indictment for murder authorized by N.C.G.S. § 15-144. We have held that the short-form indictment is sufficient to charge first-degree murder on the basis of premeditation and deliberation. *State v. Avery*, 315 N.C. 1, 12-14, 337 S.E.2d 786, 792-93 (1985). We find no compelling reason to depart from our prior holding in *Avery* and conclude that the trial court did not err in denying defendant's motion to quash the bill of indictment. This assignment of error is overruled.

**[4]** Defendant next argues that the trial court erred when it denied defendant's motion requesting funds for the appointment of a jury selection expert. Defendant contends that requiring counsel to undertake the defense of a defendant charged with a capital crime without the assistance of a jury selection expert deprived defendant of due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. We disagree.

An indigent defendant is entitled to the assistance of an expert in preparation of his defense when he makes a "particularized showing that (1) he will be deprived of a fair trial without the expert assistance, or (2) there is a reasonable likelihood that it would materially assist him in the preparation of his case." *State v. Parks*, 331 N.C. 649, 656, 417 S.E.2d 467, 471 (1992). "The particularized showing demanded by our cases is a flexible one and must be determined on a case-by-case basis." *Id.* at 656-57, 417 S.E.2d at 471. "The determination of whether a defendant has made an adequate showing of particularized need lies within the trial court's discretion." *State v. Rose*, 339 N.C. 172, 187, 451 S.E.2d 211, 219 (1994), *cert. denied*, — U.S. —, [132 L. Ed. 2d·818 (1995)].

*State v. McCullers*, 341 N.C. 19, 34, 460 S.E.2d 163, 172 (1995).

In *State v. Artis*, 316 N.C. 507, 342 S.E.2d 847 (1986), an indigent defendant contended that the trial court erred by denying his motion for a jury selection expert. In *Artis* we concluded that the defendant had failed to show a particularized need. *Id.* at 512-13, 342 S.E.2d at 850-51.

"The focus in determining whether the trial court erred [in denying defendant's request for expert assistance] . . . must be upon what was before the trial court at the time of the motion[]." *State v. Wilson*, 322 N.C. 117, 126, 367 S.E.2d 589, 594 (1988), *quoted in McCullers*, 341 N.C. at 35, 460 S.E.2d at 172. In his pretrial motion defendant asserted that jury selection in capital cases is extremely complicated and requires special training and study in the fields of sociology and psychology. Defendant failed to present any specific evidence or to make any argument showing why a jury selection expert was necessary or how such an expert would assist defendant's counsel in the preparation of this case. Defendant presented the trial court with "little more than undeveloped assertions that the requested assistance would be beneficial." *Caldwell v. Mississippi*, 472 U.S. 320, 323-24 n.1, 86 L. Ed. 2d 231, 236 n.1 (1985). Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant's motion to grant defendant funds to secure a jury selection expert. This assignment of error is overruled.

[5] By another assignment of error, defendant contends that the trial court erred by excluding statements that defendant made to a psychologist during the course of defendant's treatment at Lenoir County Mental Health Center. Defendant argues that the excluded statements

should have been admitted pursuant to N.C.G.S. § 8C-1, Rule 702. We conclude that defendant has failed to show any prejudicial error.

"It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness' testimony would have been had he been permitted to testify." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985) (citing *State v. Cheek*, 307 N.C. 552, 299 S.E.2d 633 (1983)). "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *Id.* at 370, 334 S.E.2d at 60 (citing *Currence v. Hardin*, 296 N.C. 95, 249 S.E.2d 387 (1978)).

*State v. Johnson*, 340 N.C. 32, 49, 455 S.E.2d 644, 653 (1995).

In this case defendant called Chris Boyle, a psychologist who treated defendant at Lenoir County Mental Health Center prior to the killings, to testify as an expert witness for the defense. The trial court sustained the State's objections to defendant's attempts to elicit statements made by defendant to Boyle during the course of defendant's treatment. Defendant did not make an offer of proof at trial to show what Mr. Boyle's testimony would have been if he had been allowed to answer defendant's questions. The only reference in the record suggesting the substance of the excluded statements is the prosecutor's statement that defendant made the statements when he was admitted to Lenoir County Mental Health Center and that defendant related his "symptoms" and "problems" in the statements. Accordingly, defendant cannot show prejudicial error.

Furthermore, the record shows that defendant's purpose in attempting to elicit the excluded statements was to present evidence bearing on his ability to form a specific intent to kill. In this regard defendant was permitted to present substantial expert testimony describing defendant's mental disorders and his capacity to form a specific intent to kill.

The trial court permitted Boyle to testify with respect to any observations that he made or any conclusions that he reached as a result of his relationship with defendant. Boyle told the jury that he diagnosed defendant as having a borderline personality disorder and that defendant's symptoms included a pattern of unstable and intense

interpersonal relationships, impulsiveness, a lack of anger control, and recurrent suicidal thoughts and gestures.

A second expert witness for the defense, Dr. David Michael Hattem, testified that defendant suffered from three mental disorders: (i) major recurrent depression, (ii) borderline personality disorder, and (iii) alcohol abuse disorder. Hattem opined that defendant's mental disorders reduced defendant's ability to control his emotions, his capacity to control his behavior, and his ability to think clearly. Hattem also testified that defendant experienced a major depressive episode on the day of the killings and that defendant's mental disorders may have reduced his capacity to form a specific intent to kill another person.

Another psychologist, Dr. Gregory Gridley, testified that defendant suffered from major depression and borderline personality disorder. Gridley stated that periods of depression exacerbated defendant's inability to control himself. In Gridley's opinion defendant's mental disorders diminished his mental capacity at the time of the killings.

Defendant, having failed to make the required offer of proof and having presented substantial expert testimony to show that his mental disorders diminished his capacity to form a specific intent to kill, has failed to demonstrate that there is a reasonable possibility that, had the defendant's statements not been excluded, a different result would have been reached at trial. *See* N.C.G.S. § 15A-1443(a) (1988). This assignment of error is overruled.

In nineteen additional assignments of error, defendant declined to cite any authority or present this Court with any argument. "Questions raised by assignments of error but not presented and discussed in a party's brief are deemed abandoned." *State v. Wilson,* 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976); *accord* N.C. R. App. P. 28(b)(5). Accordingly, these assignments of error are deemed abandoned pursuant to Rule 28(b)(5).

For the foregoing reasons we conclude that defendant received a fair trial free from prejudicial error.

NO ERROR.