UNITED STATES of America, Plaintiff,

v.

Styles TAYLOR and Keon Thomas, Defendants.

No. 2:01–CR–0073–AS.

United States District Court, N.D. Indiana, Hammond Division.

May 3, 2004.

See, also, 316 F. Supp.2d 722, 2004 WL 926990.

David E. Vandercoy, Valparaiso, IN, John E. Martin, Federal Community Defenders Inc., Hammond, IN, for Defendants.

Philip Craig Benson, U.S. Attorney's Office, Hammond, IN, for Plaintiff.

## ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on the Defendant Keon Thomas's Motion to Strike Certain Statutory and Non–Statutory Aggravating Factors From the Government's Notice of Intent to Seek a Sentence of Death and Memorandum in Support Thereof [DE 421] and Defendant Styles Taylor's Motion to Strike Certain Statutory and Non–Statutory Aggravating Factors from the Government's Notice of Intent to Seek a Sentence of Death and Supporting Memorandum [DE 445]. In addition to the Defendants individual motions, the Court has reviewed and considered the Government's Consolidated Response to Defendants' Motions [DE 489] and Defendants Taylor and Thomas's Joint Reply to the Government's Response [DE 503]. The parties presented oral argument to the Court at a hearing held on January 7, 2004 regarding Defendants Thomas and Taylor's Motions. For the following reasons, Defendants Thomas and Taylor's Motions to Strike Certain Statutory and Non–Statutory Aggravating Factors are **DENIED**.

## BACKGROUND

Defendants Thomas and Taylor are charged with various violations of federal law concerning a robbery and murder at the Firearms Unlimited Gun Shop located in Hammond, Indiana. Specifically, Taylor and Thomas are charged with conspiracy to commit robbery of a federally licensed firearms store and murder in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); armed robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); the murder of Frank Freund in violation of 18 U.S.C. §§ 924(j), 924(c)(1) and 1951 and 2 (Count 3); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (Counts 4, 5 and 6)[1].

1. Defendant Taylor is charged in Count 4 of felon in possession of a firearm, whereas Defendant Thomas is charged as a felon in possession in Counts 5 and 6.

On July 25, 2003, the Government filed Notices of Intent to Seek a Sentence of Death for Defendants Taylor and Thomas. The individual Notices informed each Defendant of the statutory threshold intent findings, statutory aggravating factors, and non-statutory aggravating factors that the Government intends to prove in seeking the imposition of the death penalty.

Defendants Taylor and Thomas have each filed motions to strike certain statutory and non-statutory aggravating factors that are contained in the Notice of Intent to Seek a Sentence of Death ("Notice of Intent") which the Government has filed. Taylor and Thomas assert near identical challenges against the statutory and non-statutory aggravating factors. Specifically, Defendants attack the statutory and non-statutory aggravating factors on the basis that they are unconstitutionally vague and that the lack of evidentiary support renders them inapplicable to this case. Additionally, Defendants move to strike the non-statutory aggravating factors on the basis that they were not presented to the grand jury and are not charged in the Second Superseding Indictment. Moreover, Defendants challenge the non-statutory aggravating factors on grounds that they fail to provide sufficient notice and that unadjudicated criminal conduct cannot be used to prove an aggravating factor due to its failure to satisfy the heightened reliability requirement and its highly prejudicial nature.

In response, the Government dismisses Thomas and Taylor's arguments and requests that the Court reject Defendants' efforts to strike the statutory and non-statutory aggravating factors contained in the Notices of Intent. The Government categorically rejects Defendants' contentions and asserts that all of the statutory and non-statutory aggravating factors contained in the Special Findings and the Notices of Intent meet all constitutional and statutory threshold requirements.

Before this Court addresses Taylor and Thomas's arguments, an outline of the procedural requirements contained in the Federal Death Penalty Act (FDPA) would be useful.

### Overview of the Death Penalty Statutes

A jury must follow certain procedural requirements before it can impose the death penalty under 18 U.S.C. § 3591. Under § 3591, the jury must first determine whether one of the threshold culpability factors enumerated in 18 U.S.C. § 3591(a) is present. If the jury does not unanimously find beyond a reasonable doubt that the requisite threshold (or necessary aggravating) factors have been proven, the death penalty cannot be imposed. In the event that the jury finds the requisite factors, the jury must then consider the statutory aggravating factors alleged by the government in its notice to seek the death penalty. The jury must determine whether the government has proven at least one of the statutory factors in 18 U.S.C. § 3592 beyond a reasonable doubt. 18 U.S.C. § 3593(c) and (d). If the jury finds the government has not made the requisite showing, the death penalty cannot be imposed. 18 U.S.C. § 3593(d).

However, if the jury finds the requisite statutory aggravating factor(s) have been proven beyond a reasonable doubt, it must then weigh that factor or factors, and any non-statutory aggravating factors, against any mitigating factors to determine whether the death penalty is appropriate. 18 U.S.C. § 3593(d) and (e). Non-statutory aggravating factors, like their statutory counterparts, must be unanimously found by the jury beyond a reasonable doubt; whereas mitigating factors need only be established by a preponderance of the evidence. 18 U.S.C. § 3593(c). Finally, any juror that finds that a mitigating factor

exists may consider it in deliberation—unanimity is not required. 18 U.S.C. § 3593(c) and (d).

■ In sum, the FDPA provides at least three benchmarks that the Government must reach before it may ask a jury to impose a sentence of death. First, the Government must prove beyond a reasonable doubt that the defendant is guilty of the crime for which the death penalty is authorized. Second, the Government must prove beyond a reasonable doubt that the defendant acted with one of the four mental states provided in the statute. 18 U.S.C. § 3591(a)(2).[2] Third and finally, the Government must proved beyond a reasonable doubt the existence of at least one statutory aggravating factor. "If the Government does not carry its burden as to any of these hurdles, the jury may not consider a sentence of death. If the Government does carry its burden as to all three hurdles, the jury may, but need not, impose a sentence of death." *United States v. Kee*, No. S1 98 CR 778(DLC), 2000 WL 863119, at *2 (S.D.N.Y. June 27, 2000).

## I. DEFENDANTS' CHALLENGE OF STATUTORY AGGRAVATING FACTORS

Defendants claim that certain statutory aggravating factors contained in the Government's Notices of Intent must be stricken on the basis that they are unconstitutionally vague. Others, Defendants contend, are inapplicable to this case because of the lack of evidence to support the factors and therefore they should be stricken. The Government disagrees and argues that the statutory aggravating factors contained in the Notices of Intent are proper and satisfies all constitutional and statutory threshold requirements.

■ An aggravating factor that is unconstitutionally vague must be stricken. Whether a factor is vague is ascertained by assessing whether an aggravating factor is defined in terms too vague to provide adequate direction to the sentencer. *United States v. Johnson*, 136 F.Supp.2d 553, 558 (W.D.Va.2001). "The factor must have some common-sense core meaning that criminal juries should be capable of understanding." *Id; see also Tuilaepa v. California*, 512 U.S. 967, 975, 114 S.Ct. 2630, 2635, 129 L.Ed.2d 750 (1994)("[t]he basic principle is that a factor is not unconstitutional if it has some common sense core of meaning ... that criminal juries should be capable of understanding"); *United States v. Jones*, 132 F.3d 232, 249 *aff'd* 527 U.S. 373, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (same). "Nevertheless, an aggravating factor may be unconstitutionally vague if it 'leaves the sentencer without sufficient guidance for determining the presence or absence of the factor.'" *United States v. McCullah*, 76 F.3d 1087, 1110 (10th Cir.1996), *cert. denied*, 520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997)(quoting *Espinosa v. Florida*, 505 U.S. 1079, 1081, 112 S.Ct. 2926, 2928, 120

---

**2.** The FDPA provides that a jury may not consider a sentence of death unless the Government proves beyond a reasonable doubt at the penalty phase that the defendant

 (A) intentionally killed the victim;

 (B) intentionally inflicted serious bodily injury that resulted in the death of the victim;

 (C) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or

 (D) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

18 U.S.C. § 3591(a).

L.Ed.2d 854 (1992)). Finally, in finding that "mathematical precision" is not possible in defining aggravating factors, the Supreme Court has held that a vagueness review should be "quite deferential." *Id.* at 1110. In sum, "as long as an aggravating factor has a core meaning that criminal juries should be capable of understanding, it will pass constitutional muster." *Jones v. United States,* 527 U.S. 373, 400, 119 S.Ct. 2090, 2108, 144 L.Ed.2d 370 (1999). The Court now turns to the specific statutory aggravating factors the Defendants challenge.

### *"Especially Heinous, Cruel, or Depraved . . ."* [3]

■ Defendants attack the "especially heinous, cruel, or depraved" statutory aggravating factor, 18 U.S.C. § 3592(c)(6), on the grounds that it is constitutionally infirm due to its vagueness. Defendants argue that the "especially heinous, cruel or depraved" statutory aggravating factor is facially unconstitutional because it is so broad as to encompass every first degree murder. Furthermore, Defendants assert that the factor is inapplicable to this case because there is no evidence of serious physical abuse of the victim. Defendants contend that in order for the "especially heinous, cruel or depraved" statutory aggravating factor, 18 U.S.C. § 3592(c)(6), to apply there must be evidence of serious abuse to the victim—not merely the killing itself since all killings could be considered heinous, cruel, or depraved.

Turning first to Defendants' vagueness argument, the terms "especially heinous, cruel, or depraved," standing alone, have been held to be facially vague. *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853,

1859, 100 L.Ed.2d 372 (1988)(recognizing the facial vagueness of such terms). Notwithstanding this, the statutory aggravating factor at issue here is modified by additional language:

> (6) Heinous, cruel or depraved manner of committing offense—The defendant committed the offense in an especially heinous, cruel or depraved manner *in that it involved torture or serious physical abuse to the victim.* 18 U.S.C. § 3592(c)(6)(emphasis added).

The Court finds that the emphasized language supplies the "principled guidance" necessary for the choice between "death and a lesser penalty." *United States v. Nguyen,* 928 F.Supp. 1525, 1533 (D.Kan.1996)(quoting *Richmond v. Lewis,* 506 U.S. 40, 45–47, 113 S.Ct. 528, 534, 121 L.Ed.2d 411 (1992)). The Supreme Court has found that this specific modifying language to be constitutionally sufficient to withstand a vagueness challenge. *Id.* at 1533; *see also Jones,* 132 F.3d at 249 (finding that any vagueness in the language of "heinous, cruel, or depraved" aggravating factor "is cured by the limitation in the statute that the offense involve torture or serious physical abuse.")

Defendants Taylor and Thomas cite *Maynard,* in support of their contention that the "heinous, cruel and depraved" aggravating factor is unconstitutionally vague. However, Taylor and Thomas ignore the portion of that case, as well as others they cite, which hold that the phrase "heinous, cruel and depraved" may pass constitutional muster if it is given a constitutional limiting instruction. For example, in *Maynard,* the Court held that a jury instruction instructing the jury to find

---

**3.** The statutory aggravating factor of heinous, cruel, or depraved manner of committing offense provides:

(6) Heinous, cruel, or depraved manner of committing offense—The defendant com-

mitted the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim.

18 U.S.C. § 3592(c)(6).

that the murder involved "some kind of torture or serious physical abuse," would be sufficient. *Maynard,* 486 U.S. at 365, 108 S.Ct. at 1859; *see also United States v. Paul,* 217 F.3d 989,1001 (8th Cir.2000), *cert. denied,* 534 U.S. 829, 122 S.Ct. 71, 151 L.Ed.2d 37 (2001)(finding no unconstitutional vagueness where jury instruction for the "heinous, cruel and depraved" aggravating factor extensively defined the three terms).

Lastly, Defendant Taylor posits that the Government's effort to define "heinous, cruel and depraved" as a circumstance involving serious physical abuse does not correct the vagueness problem since virtually all murders involve serious physical abuse. However, while every murder involves some form of physical abuse, not every murder involves torture or serious physical abuse to the victim. *See United States v. Frank,* 8 F.Supp.2d 253, 278 (S.D.N.Y.1998) (rejecting similar challenge to "especially heinous, cruel and depraved" statutory aggravating factor). The Court finds that the "especially heinous, cruel, or depraved" statutory aggravating factor does have a common-sense core meaning which a criminal jury would be capable of understanding.

■ Defendants Taylor and Thomas also argue that the "especially heinous, cruel, or depraved" aggravating factor must be stricken since there is no evidence of pre-death abuse. The Government asserts that the "heinous, cruel or depraved" factor fits the facts of this case. Specifically, the Government has indicated that it intends to introduce evidence Defendants caused serious physical abuse to Mr. Freund during the course of the murder. According to the Government, this evidence will show that Mr. Freund suffered

extensive and serious physical abuse as a result of two shots fired at close range from a large caliber firearm into his face and neck.

The Court finds Defendants' argument premature as a determination as to whether the "especially heinous, cruel or depraved" factor can be properly applied to these Defendants must await factual development at trial. If convicted, Taylor and Thomas will be free to argue that the Government's evidence does not sufficiently prove this or any other aggravating factor. At this time, however, Defendants' motions to strike § 3592(c)(6) are **DENIED.**

### Pecuniary Gain [4]

■ The Government lists the "pecuniary gain" statutory aggravating factor in its Notices of Intent for both Taylor and Thomas, i.e., that the "Defendants committed the offense as consideration for the receipt, of anything of pecuniary value." 18 U.S.C. § 3592(c)(8). The Government maintains that this factor applies to Taylor and Thomas because they killed Mr. Freund during a robbery of his firearm's store.

In support of their effort to strike this particular statutory aggravating factor, Defendants Taylor and Thomas assert that the "pecuniary gain" aggravating factor is only applicable to situations where pecuniary gain is expected to follow as a direct result of the offense which gives rise to the death penalty. In this case, the offense which gives rise to the death penalty is Count Three—causing death through the use of a firearm in a Hobbs Act violation. Defendants each argue that the Government's assertion that the offense was com-

---

4. *The statutory aggravating factor of pecuniary gain provides:*

(8) Pecuniary gain—The defendant committed the offense as consideration for the re-

ceipt, or in the expectation of the receipt of anything of pecuniary value.

18 U.S.C. § 3592(c)(8).

mitted for pecuniary gain must be narrowed to the murder, not the Hobbs Act violation. Thus, the Defendants assert, the "pecuniary gain" aggravating factor must be stricken since there is no evidence that the murder itself, as opposed to the robbery, was committed for pecuniary gain.

Defendants rely on *Chanthadara* and *Bernard* in support of their assertions that the "pecuniary gain" aggravating factor is inapplicable to the offense which gives rise to the death penalty in this case. In *Chanthadara*, the Tenth Circuit found that the district court erred in its instruction to the jury since the instruction "failed to specify the 'offense' to which it referred was the homicide, not the underlying robbery, and thereby failed to impose a necessary limitation." *United States v. Chanthadara*, 230 F.3d 1237, 1264 (10th Cir. 2000), *cert. denied*, 534 U.S. 992, 122 S.Ct. 457, 151 L.Ed.2d 376(2001). In *Bernard*, the Fifth Circuit found that there was insufficient evidence to support the application of the "pecuniary gain" aggravating factor where the evidence demonstrated that defendants committed the murder not for pecuniary gain but in order to prevent the victims from reporting the robbery to police. *United States v. Bernard*, 299 F.3d 467, 483–84 (5th Cir.2002), *cert. denied*, 539 U.S. 928, 123 S.Ct. 2572, 156 L.Ed.2d 607 (2003).

The Government acknowledges that the holdings of *Chanthadara* and *Bernard* stand for the proposition that not all murders that are committed during the course of a robbery are motivated by pecuniary gain, so that the application of this aggravating factor to all robbery-murders is not automatic. However, the Government distinguishes *Bernard* by pointing out that the victims in that case were killed hours after the robbery/car-jacking occurred with the stated purpose of killing the victims to prevent them from identifying the defendants, whereas the homicide in this case was committed during the commission of the robbery. In this case, the Government claims that it has evidence that the homicide was committed for the express reason to effect the robbery, rather than being incident to, or as an afterthought to the robbery. The Government distinguishes *Chanthadara's* limited holding by maintaining the errors present in that case can be easily cured by proper instructions to the jury.

Defendants Taylor and Thomas have failed to present authority that holds that Congress did not intend this aggravating factor to apply to murders occurring during the course of a robbery. Moreover, the Court finds Defendants' challenge to be untimely. A determination as to whether the "pecuniary gain" factor can be properly applied to Taylor and/or Thomas must await factual development at trial. Although Defendants' challenge is rejected at this point for that reason, it may be raised again based on the proof offered at trial. At this time, however, Defendants' motions to strike § 3592(c)(8) are **DENIED**.

*Substantial Planning and Premeditation* [5]

Defendants Taylor and Thomas each argue that there is no evidence tendered by the Government so far which indicates that any planning or premeditation took place with relation to death eligible offense—homicide—in this case. Therefore, Defendants reason, that since there is no evidence to support that any planning took

---

**5.** The statutory aggravating factor of substantial planning and premeditation provides:

(9) Substantial planning premeditation—The defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism.

18 U.S.C. § 3592(c)(9).

place "to cause the death of a person," this statutory aggravating factor must be stricken. Further, Defendants contend that this factor is unconstitutionally vague because it fails to narrow the class of murders eligible for the death penalty.

■ In terms of Defendants' vagueness argument, the Court finds that the "substantial planning and premeditation" statutory aggravating factor does not lack a common sense core of meaning nor involve confusing or vague terms. Rather, it charges the jury to consider the degree of planning associated with the crime. The Court joins numerous other courts that have found that this statutory aggravating factor has a common sense core of meaning that a jury is capable of understanding and holds that the "substantial planning and premeditation" aggravating factor is not unconstitutionally vague. *Frank*, 8 F.Supp.2d at 278 ("[w]hile many murders may involve some planning, not every murder involves 'substantial' planning"); *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir.1996), *cert. denied*, 520 U.S. 1253, 117 S.Ct. 2414, 138 L.Ed.2d 179 (1997)(finding that use of term "substantial" to modify "planning and premeditation" does not render aggravating factor unconstitutionally vague, rather it conveys a more precise definition); *McCullah*, 76 F.3d at 1110 (same); *United States v. McVeigh*, 944 F.Supp. 1478, 1490 (D.Colo.1996)(finding that the term "substantial" to be an everyday word that has a common sense core meaning that jurors will be able to understand.)

■ Turning to Defendants' argument that there is a lack of evidence to support the application of the "substantial planning

and premeditation" factor, the Court finds, once again, that Defendants' challenge is premature. Instead, a determination as to whether this factor can be properly applied to either Defendant must await factual development at trial. Defendants' motions to strike § 3592(c)(9) are **DENIED**.

### Victim Vulnerability [6]

■ Taylor and Thomas claim that there is no evidence to support the inclusion of this factor in the Notice and therefore it must be stricken. Specifically, Defendants argue that in order to have the victim's vulnerability considered as an aggravating factor, there must be a nexus between the vulnerability and the crime. Taylor and Thomas assert that no such nexus exists in the case at bar since the victim in this case, Mr. Freund, was not targeted because of any vulnerability.

Defendant Thomas cites *United States v. Bolden*, 325 F.3d 471, 500–501 (4th Cir. 2003), in support of his argument that the "vulnerable victim" factor is inapplicable to this case due to the fact that there is no evidence that Mr. Freund was selected as a victim based on his vulnerability or infirmity. Thomas relies on the reasoning in *Bolden* that in order for vulnerable victim adjustment under the Federal Sentencing Guidelines to be applicable there must be evidence that the defendant targeted the victim because of the victim's unusual vulnerability. However, *Bolden* is not instructive in this case since the offenses charged in that case did not implicate the death penalty and involved a sentencing scheme other than that provided under the FDPA.[7]

---

6. The statutory aggravating factor of vulnerability of victim provides:
 (11) Vulnerability of victim—The victim was particularly vulnerable due to old age, youth, or infirmary.
 18 U.S.C. § 3592(c)(11).

7. In *Bolden*, the defendant challenged the adjustment in sentencing guideline 3A1.1 which allowed for a sentence enhancement in cases in which the victim of the crime was "unusually vulnerable." See *Bolden*, 325 F.3d at 500–501.

Likewise, the authority Defendant Taylor relies on to challenge the "vulnerable victim" aggravating factor does not convince the Court that the aggravating factor in this case should be stricken. *See United States v. Johnson,* 136 F.Supp.2d 553 (W.D.Va.2001). Taylor overstates the holding in *Johnson* by stating that "virtually all courts to have considered victim vulnerability as an aggravating factor have required the vulnerability to have some nexus to the crime." (Defendant Taylor's Motion at 7). However, the *Johnson* Court only addressed this issue as to the vulnerability of pregnant victims and found that "the victim's *pregnancy-based* vulnerability somehow contribute to the victim's injury or death". *Id.* at 560 (emphasis added). In *Johnson,* the Court struck the "vulnerability of victim" statutory aggravating factor after finding that nothing about the victim's pregnancy weakened her capacity to resist the fatal blast that killed her instantaneously. *Id. cf. Garner v. State,* 729 So.2d 990, 992 (Fla.App.1999)(victim's physical condition made it difficult, if not impossible, for her to defend herself); *State v. Artis,* 316 N.C. 507, 342 S.E.2d 847, 852 (1986)(victim's pregnancy impacted her physical and mental reactions at the time of the crime, thereby increasing her vulnerability). There is nothing in the holding of *Johnson* that goes beyond the question of whether there need be a nexus between a victim's pregnancy-based vulnerability and the offense that dictates that there be evidence that the victim in the case at bar, Mr. Freund, was targeted due to vulnerability in order for this statutory aggravating factor to stand.

Following other courts that have addressed similar challenges to this statutory factor, this Court rejects Defendants' arguments. The plain language of the statute containing the aggravating factor "refers to the age or physical characteristic of the victim, and not to whether the victim was targeted because of those qualities." *United States v. Minerd,* 176 F.Supp.2d 424, 447 (W.D.Pa.2001). In *United States v. Paul,* 217 F.3d 989, 1001 (8th Cir.2000), the Court found that submitting the vulnerable victim aggravating factor to the jury was proper based on the fact that the victim was eighty-two years old and less physically able to resist his attackers. *Id.* at 1001. Similarly, we find that the victim in this case—an elderly man with substantial hearing loss and a pacemaker—was vulnerable within the meaning of the statute, since his ability to fend off or flee his attackers would have been minimized by his age and physical limitations. The Court finds that this factor is constitutional and **DENIES** Defendants' Motions to Strike § 3592(c)(11) from their respective Notices of Intent.

## II. DEFENDANTS' CHALLENGE OF NON-STATUTORY AGGRAVATING FACTORS

Defendants Taylor and Thomas each advance a number of contentions as to the non-statutory aggravating factors contained in the Notices of Intent to Seek the Death Penalty. Defendants contend generally that the non-statutory aggravating factors should be stricken because they violate the holdings of *Ring* and *Apprendi* by including aggravating factors that were not presented to the grand jury nor charged in the Second Superseding Indictment. Additionally, Defendants claim that the non-statutory aggravating factors should be stricken since they fail to provide sufficient notice. Finally, Taylor and Thomas challenge specific non-statutory aggravating factors involving unadjudicated conduct, victim impact evidence and future dangerousness. The Government asserts that the non-statutory aggravating factors alleged in the Notices of Intent to Seek the Death Penalty for Taylor and Thomas are proper and that Defendants'

challenges are misplaced and should be denied.

Turning first to the constitutional challenges, Defendants reassert challenges of the non-statutory aggravating factors equivalent to those which they raised in challenging the constitutionality of the FDPA. Just as the Court found Defendants' assertions to be without merit in those pleadings, so too does it find the arguments currently before it to be equally unconvincing.

■ First, Defendants Taylor and Thomas contend that the non-statutory factors contained in the Notices of Intent should be stricken since they were not presented to the grand jury. Defendants argue that the non-statutory aggravating factors must be stricken since they were not included in the Second Superseding Indictment. Specifically, Thomas and Taylor contend that the non-statutory aggravating factors operate as the functional equivalent of an element of the offense and therefore they should be presented to the grand jury and included in the indictment. The Defendants argue that the FDPA runs counter to *Ring* and *Apprendi*, since it does not treat the non-statutory aggravating factors as the functional equivalents to an element of the offense and therefore any factor not presented to the grand jury must be stricken.

In Response, the Government states that these arguments have already been presented by Defendants in their "Joint Motion to Declare the Death Penalty Unconstitutional." The Government rests on the legal analysis, discussion, and conclusion addressed in its Response to the previous motions. As a matter of review, the Government states that Defendants' argument rests on the false presumption that *Ring* and *Apprendi* require that all non-statutory factors be submitted to the grand jury. The Government submits that neither *Ring* nor *Apprendi* require the

non-statutory aggravating factors be included in the indictment and therefore Thomas and Taylor's attempt to have them stricken should be rejected. The Court agrees.

Once again, it is apparent that neither Defendant comprehends the distinction between the statutory aggravating factors and the non-statutory aggravating factors. In *Nguyen*, 928 F.Supp. at 1545, the court explained the distinction as follows:

> "the factors in the death notice are not 'elements of the offense charged' such that they must be presented to a grand jury. Rather, these factors come into play only after a grand jury indicts and a petit jury convicts a defendant of the offenses charged. At that point, either the trial judge or the jury may render sentence, including a sentence of death". *Id.*

Defendants Taylor and Thomas' argument erroneously assumes that non-statutory aggravating factors serve the same function as statutory aggravating factors. However, "statutory aggravating factors narrow the class of defendants eligible for the death penalty, whereas non-statutory aggravating factors serve the separate 'individualizing' function that ensure that the 'jury [has] before it all possible relevant information about the individual defendant whose fate it must determine.'" *United States v. Johnson*, No. 96–CR 379, 1997 WL 534163, at *6 (N.D.Ill. Aug.20, 1997)(quoting *United States v. Walker*, 910 F.Supp. 837, 855 (N.D.N.Y.1995)). Therefore, unlike the statutory aggravating factors which act as the functional equivalents of a greater offense, the non-statutory aggravating factors alone cannot increase the maximum penalty beyond that provided in the statute. Neither the holdings in *Apprendi* nor *Ring* require that the non-statutory aggravating factors be charged in the indictment. Therefore, this Court

finds that the Defendants' request that the non-statutory aggravating factors be stricken is without merit.

■ The Court now turns to Taylor and Thomas's claims that the Notices of Intent fail to provide proper notice of the specific conduct the Government contends constitutes each non-statutory aggravating factor. As a result of this alleged deficiency, Defendants argue that the Notice should be stricken for failure to provide notice as required under 18 U.S.C. § 3593 and the Due Process Clause.

The death penalty notice provision provides in relevant part:

[T]he [government] attorney shall, a reasonable time before the trial ... sign and file with the court, and serve on the defendant, a notice—

(1) stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and

(2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.

18 U.S.C. § 3593(a).

Furthermore, the subsection provides that the Government "may include ... any other relevant information." *Id.*

The Court finds that not only have Taylor and Thomas each been given notice of the Government's intention to pursue the death penalty but have also been give notice of the specific statutory and non-statutory aggravating factors on which the Government plans to rely. Moreover, the Court finds that the Notices filed against Taylor and Thomas fully comply with the notice requirements contained in § 3593(a) as each Notice of Intent informs the Defendant that the Government intends to seek the death penalty and lists the aggravating factors that the Government will seek to prove. The statute requires no more. *See Nguyen,* 928 F.Supp. at 1549–1550(finding that defendant does not have a constitutional or statutory right to pretrial discovery of evidence of aggravating factors); *United States v. Cooper,* 754 F.Supp. 617, 621 (N.D.Ill.1990)(same).

### Unadjudicated Conduct

■ Defendants Taylor and Thomas assert that the Government should be barred from using unadjudicated conduct as an aggravating factor on the grounds that such evidence violates the heightened reliability requirement. Additionally, they argue that due to its prejudicial nature, evidence of unadjudicated criminal conduct should be stricken. In response, the Government asserts that Defendants' contention regarding prejudice is premature and provides no basis for a wholesale exclusion of evidence regarding prior acts of violence committed by a Defendant. The Court agrees.

In considering Thomas and Taylor's assertions, the Court looks to two guiding principles that underlie death penalty jurisprudence. The first principle demands that courts "assure heightened reliability in capital sentencing because capital punishment is qualitatively different from other punishments." *United States v. Beckford,* 964 F.Supp. 993, 999 (E.D.Va.1997). The second principle underscores "the importance of presenting the sentencing jury with all relevant evidence." *Id.* at 999–1000(recognizing that unadjudicated criminal acts, particularly violent ones, are "arguably more relevant and probative than any other type of aggravating evidence supporting imposition of the death penalty"). "This, of course, permits both Defendant[s] and the Government to present evidence relevant to sentencing." *Id.* at 999. A balance must be struck between

the Government's right to present relevant evidence regarding the Defendant's unadjudicated criminal acts to prove aggravating factors in support of the imposition of the death penalty and the Defendant's right to a check on "all relevant evidence" to assure the principle of heightened reliability is not trampled. *Id.* To bring about the requisite balance, "the proffered unadjudicated criminal conduct may be presented to the jury only if the Court has determined that it meets the threshold test of reliability." *Id.* (finding that this approach conforms with that followed by other courts which have analyzed federal death penalty statutes); *see e.g., United States v. Davis,* 912 F.Supp. 938, 949 (E.D.La.1996); *United States v. Bradley,* 880 F.Supp. 271, 287 (M.D.Pa.1994); *United States v. Walker,* 910 F.Supp. 837, 853–854 (N.D.N.Y. 1995).

Following the procedures utilized by other courts in federal death penalty cases, the Court finds that prior to the penalty phase, should one be necessary, the Government will be required to present to the Court and the specific Defendant the information which it intends to introduce as unadjudicated conduct. At such time, the Court will determine whether the information is reliable. The evidence will be presented to the jury only if the Government is able to satisfy that threshold determination and the evidence satisfies the exclusionary provision provided in § 3593(c).[8] Such procedures will ensure that any evidence regarding unadjudicated criminal conduct satisfies the heightened reliability and relevancy requirements. Defendants requests to strike evidence of unadjudicated conduct at this juncture are **DENIED.**

### Future Dangerousness

 Defendants object to the inclusion of the "future dangerousness" non-statuto-

ry aggravating factor in the Notices of Intent and seek to have the factor stricken. Specifically, Defendants argue that this factor is tantamount to double-counting because the factors included as non-statutory aggravating factors are then used as "circumstances" to support factor of future dangerousness. Moreover, Defendant Thomas argues that the "low-rehabilitative potential" circumstance should be stricken as a sub-factor to the "future dangerousness" non-statutory aggravating factor as a defendant's rehabilitation circumstance is irrelevant since the alternative to a sentence of death is life in prison without parole. Additionally, Thomas asserts that "low-rehabilitative potential" is unconstitutionally vague.

Defendants look to the authority found in *Nguyen* and *Davis* for support in their effort to strike the "future dangerousness" factor. Indeed, the *Nguyen* and *Davis* courts addressed similar challenges to the future dangerousness and low-rehabilitative potential factors. Except, unlike this case, the Government in those cases listed "future dangerousness" and "low-rehabilitative potential" as separate non-statutory factors. Finding the term "low-rehabilitative potential" to be vague and duplicative of the "future dangerousness" factor the courts held that low-rehabilitative potential was "not appropriate as a separate freestanding factor." *Nguyen,* 928 F.Supp. at 1543; *Davis,* 912 F.Supp. at 946. However, the courts held that the Government "may submit rehabilitation evidence under the [future dangerousness] factor" as a circumstance in support of the "future dangerousness" factor. *Nguyen,* 928 F.Supp. at 1544. Similarly, this Court finds that the Government has properly included "low-rehabilitative potential" as a

---

8. Section 3593(c) provides that at a capital sentencing hearing "information may be excluded if its probative value is outweighed by

the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).

circumstance to be considered as evidence of the Defendants' future dangerousness.

Lastly, Defendant Taylor argues that the "future dangerousness" factor should be stricken in order to prevent the Government from being allowed to hammer away at the theme that Defendants could one day get out of prison and pose a danger. In support, Taylor cites the holding in *Simmons v. South Carolina,* which holds that where a defendant's future dangerousness is at issue and law prohibits defendant's release on parole, due process requires the sentencing jury be informed that the defendant is parole ineligible. 512 U.S. 154, 171, 114 S.Ct. 2187, 2198, 129 L.Ed.2d 133 (1994)(plurality opinion) *cf. United States v. Flores,* 63 F.3d 1342, 1367–68 (5th Cir.1995), *cert. denied,* 519 U.S. 825, 117 S.Ct. 87, 136 L.Ed.2d 43 (1996)(finding that district court did not err in preventing defendant to inform jury that the only sentence other than death was life without parole where the Sentencing Guidelines vested district court with discretion to adjust life sentence downward). The Court recognizes the holding of *Simmons* and finds Taylor's request for the "future dangerousness" non-statutory aggravating factor to be stricken on those grounds to be unnecessary. Rather, the Court will consider a limiting instruction submitted by Defendants regarding their parole eligibility. Based on the foregoing, Defendants' requests to strike the "future dangerousness" non-statutory aggravating factor are **DENIED.**

### Victim Impact

Defendant Thomas moves to strike the non-statutory aggravating factor of victim impact to the extent that the Government intends to offer victim impact evidence regarding the murder of Mrs. Freund. As matter of background, in an unrelated case, the wife of the victim in the case at bar was murdered during a robbery of the same firearm store seven years earlier.

The Government has indicated that it intends to offer victim impact evidence during a penalty phase hearing that includes information related to the previous loss of Mrs. Freund. Thomas claims that this information is irrelevant to the case at bar and requests that the Government be made to give specific and detailed notice of the victim impact evidence it intends to introduce so that an evidentiary hearing can be held to determine said evidence's admissibility.

The Supreme Court has held that it is constitutionally permissible to allow the jury to hear evidence "concerning the victim's personal traits and the effect of the crime on [victim's] family ... so long as ... victim impact factors are used to direct the jury to the individual circumstances of the case." *United States v. Cooper,* 91 F.Supp.2d 90, 110 (D.D.C.2000)(quoting *Jones v. United States,* 527 U.S. 373, 119 S.Ct. 2090, 2105, 144 L.Ed.2d 370 (1999)). It is within the Court's discretion to determine the scope and limit of the victim impact evidence "with consideration for the constitutional limitation that the jury must not be influenced by passion or prejudice." *Id.* at 111 (quoting *McVeigh,* 944 F.Supp. at 1491).

Absent more information, the Court is not in a position at this juncture to evaluate such evidence. Thus, the Court orders the Government to file on or before the date of the Final Pre–Trial Conference a detailed notice regarding the victim impact evidence it intends to introduce during the penalty phase. Specifically, the Government shall give notice as to who will offer victim impact evidence, the relation the witness is to the victim, the form of testimony (i.e., written or oral statement) and a summary of the anticipated testimony. The Court will conduct a hearing outside the presence of the jury to assess the evidence and determine its admissibility.

## CONCLUSION

For the above stated reasons, the Court hereby:

- **DENIES** Defendant Keon Thomas's Motion to Strike Certain Statutory and Non–Statutory Aggravating Factors From the Government's Notice of Intent to Seek a Sentence of Death and Memorandum in Support Thereof [DE 421];

- **DENIES** Defendant Styles Taylor's Motion to Strike Certain Statutory and Non–Statutory Aggravating Factors from the Government's Notice of Intent to Seek a Sentence of Death and Supporting Memorandum [DE 445].

- **ORDERS** the Government to file on or before the date of the Final Pre–Trial Conference a detailed notice regarding the victim impact evidence it intends to introduce during the penalty phase. Specifically, the Government shall give notice as to who will offer victim impact evidence, the relation the witness is to the victim, the form of testimony (i.e., written or oral statement) and a summary of the anticipated testimony.

**SO ORDERED.**